although not denying that the deed had been received by his attorney, insists that the attorney had no authority to accept the deed, and that it was not accepted, but was held by the attorney awaiting the delivery of the search, with the understanding of both parties that it should not be accepted until the search had been delivered. It will be seen, therefore, that the rights of the parties depend upon the single question whether the deed delivered in March, 1890, had been accepted by the plaintiff; because there can be no doubt that the acceptance of the deed, even without the search, operated as payment under the contract, and the plaintiff could not recover the $1,300 in cash. It was not denied that the plaintiff knew of the receipt of the deed by his attorney within a short time after it had been delivered to him. It was conceded that the deed remained in the hands of the attorney from the time it was received by him until April, 1895. It was shown that at least once after the plaintiff became aware that the deed had been delivered to his attorney, he had endeavored to sell the property to a person who sought to buy it from him. It is also in evidence that on the 10th of October, 1894, the plaintiff sent to the defendant a letter reading as follows: "I spoke to you some time ago about those lots in Duluth. I don't think I will keep them, as I am in need of money now. Please straighten this matter up at once without delay." When the plaintiff was asked what he meant by this letter, he said that his object in writing it was to get back the $1,000 and interest, and that was what he wanted. It cannot be disputed that he had no right to the $1,000 and interest under the provisions of the contract quoted above, unless the title had passed to him, because by its express terms the second party was to purchase back the property at the agreed price of $1,000 and interest; and an assertion on the part of the plaintiff that his letter was written with the intention of requiring the defendant to perform that part of the contract necessarily involves the proposition that he had accepted the deed and become the owner of the property. But it was said that he was all the time insisting that the search should be delivered to him. That was quite true, but that fact does not detract from the weight which must be given to the acceptance of the deed. The $1,000 was to be paid by the transfer of the property, and although the plaintiff had the right under his contract to have a search delivered with the deed, and when the deed was delivered without the search he would have been justified in refusing to take it, nevertheless when he had accepted the deed, the title passed to him, he became possessed of the consideration given to him in final payment of the land sold, and he was not at liberty after that to insist that the deed should not have the effect which the law gave to it. If the deed was accepted there was no right to recover the $1,300, and as the jury were not justified in concluding that there was no acceptance of the deed, the verdict was not warranted, and for that reason the order denying the new trial should be reversed and a new trial granted, with costs to the appellant to abide the event of the action. All concurred.

Frank Miller, Appellant, v. George H. Miller, Respondent.— Appeal dismissed, with costs to be taxed by the clerk of Onondaga county, unless the appellant shall make, file and serve his printed case on appeal, within five days from the service of this order, and shall consent that the case be placed upon the calendar of the present term and argued upon two days' notice, and pay to respondent's attorney ten dollars costs of this motion; in which event the clerk of this court is authorized to place the cause upon the calendar and the same may be argued upon two days' notice. All concurred.

William H. Rice, Plaintiff, v. New York Central and Hudson River Railroad Company, Defendant.— Motion to amend order denied, without costs. All concurred.

In the Matter of the Judicial Settlement of the Accounts of Emma E. Cramer, as General Guardian of Grace E. Cramer, Deceased.— Motion for leave to appeal to the Court of Appeals granted, and questions certified and filed with the clerk. All concurred.

Bridget A. Driscoll, Plaintiff, v. Village of Seneca Falls, Defendant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. All concurred.

A. M. McPhail Piano Company, Respondent, v. Bernard A. Bannon and Victor Miller, Appellants, Impleaded with Another.— Judgment of County Court affirmed, with costs. All concurred. Rumsey J., not sitting.

A. M. McPhail Piano Company, Respondent v. Bernard A. Bannon and Victor Miller, Appellants, Impleaded with Another.— Motion to amend return denied, without costs. All concurred.

Peter J. Ferris, as Trustee for the City of Buffalo, and the City of Buffalo, Respondents, v. Josiah Jewett and James E. Curtiss, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concurred.

The Marcellus Electric Railroad Company, Appellant, v. Levi Parsons and Others, Respondents.— Order modified in accordance with memorandum filed with the clerk, and as thus modified affirmed, with ten dollars costs and disbursements. All concurred.

Thomas Banks et al., Respondents, v. First Church of Christ, Scientist, Appellant.— Appeal dismissed under general rule 39.

In the Matter of the Application of the Syracuse and South Bay Railroad Company to Cross Certain Highways in the Town of Cicero.— Appeal dismissed under general rule 39.

Octavius O. Cottle and Another, Respondents, v. Walter Cary and Thomas Cary, Appellants.— Motion for reargument denied, with ten dollars costs. All concurred. Rumsey, J., not sitting.

Amelia C. Parsons, Respondent, v. Archelaus H. Parsons, Appellant.— Order modified by reducing the amount allowed for counsel fee to the sum of $150, and so much thereof as has not already been paid, to be paid within twenty days after service of a copy of this order; and as thus modified affirmed, without costs. Order to be settled before Mr. Justice Williams upon two days' notice. All concurred.

Mab Heffron, an Infant, by Fannie Heffron, her Guardian ad Litem, Appellant, v. Henry Jennings (sometimes known as Harry Jennings), Respondent.— Appeal from order dismissed, with ten dollars costs and disbursements. All concurred.

William H. May, as Administrator, etc., of Charles K. May, Deceased, Respondent, v. Syracuse Rapid Transit Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

In the Matter of the Estate of Elizabeth Kelly, Deceased. A. Melville Tully and Others, Appellants; The Comptroller of the State of New York, Respondent, Impleaded with Others.— Order affirmed, with costs. All concurred.

Sarah J. Snowden, Appellant, v. Town of Somerset, Respondent.—Judgment and order affirmed, with costs on the authority of 52

61    624
Case 16
r171 NY 99